UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BARBARA JONES,**

    **Plaintiff,**

**v.**

                                           **CASE NO.:**

**RACETRAC, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARBARA JONES, by and through undersigned counsel, brings this action against Defendant, RACETRAC, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*, and the Florida Private Whistleblower's Act ("FPWA"), Section 448.102(1) and/or (3), Fla. Stat.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Osceola County which is in this District.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida, and she worked in Osceola County.

5. Defendant operates a gas station in Kissimmee, in Osceola County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and FCRA.

7. At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant on or around May 26, 2024.

14. Throughout the course of her employment with Defendant, Plaintiff performed the job for which she was hired in a satisfactory manner.

### *Florida Private Whistleblower Act*

15. As a Florida company, Defendant had a duty to adhere to Section 562.11, Florida Statutes, which prohibits the sale of alcoholic beverages to a person under 21 years of age.

16. Further, Defendant had a duty to adhere to Section 500.04 and 500.10, Florida Statutes, which prohibit the sale of "adulterated" food, including food that is diseased, contaminated, filthy, putrid, or decomposed.

17. Additionally, Defendant had a duty to adhere to 21 U.S.C. Section 387f(d)(5), which prohibits the sale of tobacco products to anyone under 21 years of age.

18. During Plaintiff's employment, another employee of Defendant attempted to purchase alcohol from Plaintiff at Defendant's location where they both worked.

19. However, Plaintiff believed this individual to be under 21 years of age.

20. Plaintiff requested to see this employee/customer's identification before Plaintiff would sell her alcohol, to ensure that this employee/customer was at least 21 years of age.

21. This employee/customer refused to show her identification to Plaintiff, so Plaintiff refused to sell alcohol to this employee, in adherence with Florida law.

22. However, Defendant's night manager did sell alcohol to this employee, without checking the employee's identification.

23. On numerous other occasions, the night manager, Mackenzie, sold alcohol to underage customers, as well.

24. Plaintiff complained to the general manager of the store where she worked, Mike, about the fact that Mackenzie had been selling alcohol to underage customers.

25. However, Mike failed to take remedial action.

26. Instead, Mike retaliated against Plaintiff by altering her schedule.

27. Mike switched Plaintiff's schedule from working nights to working days, in retaliation for Plaintiff's protected activity and to prevent Plaintiff from interfering with Defendant's unlawful activities—specifically, Mackenzie (the night manager) selling alcohol to underage customers.

28. With Mike failing to take remedial action, in or around August 2024, Plaintiff objected to Section 562.11, Florida Statutes, by complaining to Defendant's District Manager, Shay, about Defendant's sale of alcohol to underage customers.

29. In the alternative, Plaintiff objected to what she, in good faith, had an objectively reasonable belief to be Defendant's violation of Section 562.11, Florida Statutes.

30. Additionally, Plaintiff complained to Shay that Mike was also selling tobacco products to underage customers, in objection to Defendant's violation of 21 U.S.C. Section 387f(d)(5).

31. In the alternative, Plaintiff objected to what she, in good faith, had an objectively reasonable belief to be Defendant's violation of 21 U.S.C. Section 387f(d)(5).

32. However, Shay took no remedial action.

33. Instead, the very day after Plaintiff engaged in this protected activity, Plaintiff was removed from working the register and was instead placed in the kitchen, in retaliation for her protected activity.

34. Further, Defendant's retaliation of Plaintiff continued, as soon thereafter, Mike began regularly assigning Plaintiff to the particularly difficult cleaning jobs, including cleaning smeared feces off the bathroom wall.

35. Additionally, on or around October 21, 2024, Mike was selling spoiled pizza dough, which he had done in the past.

36. Shortly thereafter, on this same day, Plaintiff objected to this violation of Section 500.04 and 500.10, Florida Statutes, by reporting to Defendant's District Manager, Shay, that Mike had been selling expired and moldy pizza dough.

37. In the alternative, Plaintiff objected to what she, in good faith, had an objectively reasonable belief to be Defendant's violation of Section 500.04 and 500.10, Florida Statutes.

38. Further, during this conversation, Plaintiff objected again to Defendant's unlawful sale of alcohol and tobacco to underage customers.

39. Shortly thereafter, Defendant terminated Plaintiff's employment in or around the last week of October 2024 in retaliation for Plaintiff having engaged in protected activity under the FPWA.

### *ADA and FCRA*

40. Plaintiff is a qualified individual with a disability or perceived as having a disability, as defined by the ADA and FCRA.

41. Specifically, on or around October 26, 2024, Plaintiff was involved in a car accident that resulted in torn ligaments in her right ring and pinky fingers, which were placed in splints for roughly two weeks.

42. The same day as her car accident, Plaintiff informed Defendant of the accident and requested reasonable accommodations by providing Defendant with documentation from her doctor stating that she required light duty accommodations, including lifting restrictions.

43. Specifically, Plaintiff's doctor advised her not to lift over three pounds, as the extent of her injuries was still undetermined, pending evaluation by an orthopedic specialist.

44. Plaintiff's doctor's note indicated that she required restricted duties and that Plaintiff was subsequently referred to an orthopedic specialist for further assessment.

45. Despite Plaintiff's timely notification of her need for this reasonable accommodation, Defendant informed her that it could not accommodate her restrictions, entirely failing to engage in any interactive process regarding accommodations.

46. Plaintiff was capable of performing the essential functions of her position with or without reasonable accommodations.

47. However, around this same week, Defendant terminated Plaintiff's employment, without offering Plaintiff any reasonable accommodations or engaging in any interactive process.

48. Defendant terminated Plaintiff's employment based on her disability and in retaliation for Plaintiff having engaged in protected activity under the ADA and FCRA.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 10 through 14, and 40 through 48 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the ADA.

51. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

52. Specifically, Defendant refused to provide Plaintiff with reasonable accommodations and terminated Plaintiff based on her disability and/or perceived disability.

53. Defendant's actions were willful and done with malice.

54. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter an injunction restraining continued violation of the ADA;

    d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## **COUNT II—ADA VIOLATION**
## **(DENIAL OF REASONABLE ACCOMMODATION)**

55. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 10 through 14, and 40 through 47 of this Complaint, as though fully set forth herein.

56. Plaintiff is disabled, or was perceived by Defendant as being disabled.

57. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, which would have allowed her to return to work and perform the essential functions of her job, and shortly thereafter terminated her employment.

58. Defendant's actions were willful and done with malice.

59. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

60. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 10 through 14, and 40 through 45 of this Complaint, as though fully set forth herein.

61. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

62. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

64. Defendant's actions were willful and done with malice.

65. The adverse employment action that Defendant took against Plaintiff was material.

66. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

  f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

  g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

  h) Any other compensatory damages, including emotional distress, allowable at law;

  i) Punitive damages;

  j) Prejudgment interest on all monetary recovery obtained.

  k) All costs and attorney's fees incurred in prosecuting these claims; and

  l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)

67. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 10 through 14, and 40 through 48 of this Complaint, as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA.

69. Plaintiff was subjected to disparate treatment on the basis of handicap, and/or perceived disability.

70. Specifically, Defendant failed to provide Plaintiff with reasonable accommodations and terminated her employment based on her disability and/or perceived disability.

71. Defendant's actions were willful and done with malice.

72. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

73. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 10 through 14, and 40 through 47 of this Complaint, as though fully set forth herein.

74. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

75. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap and failed to engage in an interactive process regarding a reasonable accommodation, despite Plaintiff's request for a reasonable accommodation, and shortly thereafter, terminated Plaintiff's employment.

76. Defendant's actions were willful and done with malice.

77. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

  e) Any other compensatory damages, including emotional distress, allowable at law;

  f) Punitive damages;

  g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

78. Plaintiff realleges and readopts the allegations paragraphs 1 through 7, 10 through 14, and 40 through 48 of this Complaint, as though fully set forth herein.

79. Plaintiff is a member of a protected class under the FCRA, based on her disability and/or perceived disability.

80. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

81. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA, by terminating Plaintiff's employment.

82. Defendant's actions were willful and done with malice.

83. Defendant took material adverse action against Plaintiff.

84. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

  ***WHEREFORE***, Plaintiff demands:

      a)    A jury trial on all issues so triable;

      b)    That process issue and that this Court take jurisdiction over the case;

      c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

      d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

      e)    Any other compensatory damages, including emotional distress, allowable at law;

      f)    Punitive damages;

      g)    Prejudgment interest on all monetary recovery obtained.

      h)    All costs and attorney's fees incurred in prosecuting these claims; and

      i)    For such further relief as this Court deems just and equitable.

**COUNT VII – RETALIATION UNDER THE FPWA**

85. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5 and 8 through 39 of this Complaint, as though fully set forth herein.

86. On numerous occasions, Plaintiff opposed and refused to participate in Defendant's violation of law, thereby engaging in protected activity under the FPWA.

87. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating Plaintiff's employment.

88. Plaintiff was injured by Defendant's violations of the FPWA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

    d)    Any other compensatory damages allowable at law;

    e)    All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

    f)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 17th day of December, 2025.

                          Respectfully submitted,

                          */s/ Brandon J. Hill*
                          **BRANDON J. HILL**
                          Florida Bar Number: 0037061
                          Direct Dial: 813-337-7992
                          **HANNAH E. DEBELLA**
                          Florida Bar Number: 1026002
                          **WENZEL FENTON CABASSA, P.A.**
                          1110 N. Florida Avenue, Suite 300
                          Tampa, Florida 33602

         Main Number: 813-224-0431
         Facsimile: 813-229-8712
         Email: bhill@wfclaw.com
         Email: hdebella@wfclaw.com
         Email: aketelsen@wfclaw.com
         **Attorneys for Plaintiff**